UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MORGAN PLANTATION, INC.** | : | **DOCKET NO. 2-16-cv-1620** |
| **VERSUS** | : | **CHIEF JUDGE DRELL** |
| **TENNESSEE GAS PIPELINE CO., LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand [doc. 16] filed by plaintiff Morgan Plantation, Inc. ("Morgan Plantation"). Defendant ExxonMobil Oil Corporation ("ExxonMobil") opposes the motion. Doc. 24. For reasons stated below, **IT IS RECOMMENDED** that the Motion to Remand be **DENIED** and that all claims against defendant Edgewater Oil Company, Inc. ("Edgewater") be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

This action arises from a land contamination suit filed by Morgan Plantation in the 31st Judicial District, Jefferson Davis Parish, Louisiana, against Tennessee Gas Pipeline Co., LLC ("Tennessee Gas Pipeline"), ExxonMobil, and Edgewater. Doc. 1, att. 2, pp. 3–21.

According to the petition, Tennessee Gas Pipeline assigned fifty percent of its interest in an oil and gas lease on Morgan Plantation's land to Edgewater in 1966.[1] *Id.* at 11. The subject property allegedly "saw numerous spills and deficient operating practices during operations by" Tennessee Gas Pipeline's predecessors in interest and by Edgewater. *Id.* at 12. In addition to

---

[1] ExxonMobil's predecessor in interest was assigned the original lease in its entirety in 1952 and assigned fifty percent of its interest in this lease to Tennessee Gas and Pipeline's predecessor in interest in 1957. Doc. 1, att. 2, p. 12.

monetary damages, Morgan Plantation seeks a declaratory judgment against all defendants to the effect that they have breached their contractual obligations under the lease. *Id.* at 17–18.

ExxonMobil and Tennessee Gas Pipeline are foreign corporations while Morgan Plantation and Edgewater are both Louisiana corporations. *Id.* at 3–4; doc. 1, att. 4 (Louisiana secretary of state records for Edgewater). Edgewater was incorporated in Louisiana in 1966. Doc. 1, att. 4, p. 1. Its authorization to do business in Louisiana was revoked by the secretary of state in February 1998 after the company failed to file its annual report for three consecutive years, with the last report having been filed in 1991. *Id.* at 1, 19. Its registered agent and sole officer/director, Harry J. Fitzgibbon, has been deceased since 2007. *See id.* at 16–18; doc. 1, atts. 5–7. ExxonMobil asserts that it has searched diligently and uncovered no evidence that Edgewater maintains an office, conducts any business, or has any living employees. Doc. 1, pp. 7–8; doc. 24, p. 3.

ExxonMobil was served in this matter on October 27, 2016. Doc. 1, att. 2, p. 1. On November 22, 2016, it filed a Notice of Removal to this court. Doc. 1. There it asserts that removal jurisdiction exists under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. *Id.* To this end it claims that Edgewater's citizenship should be disregarded under the doctrine of improper joinder. *Id.* at 4. Morgan Plantation then filed the instant Motion to Remand, maintaining that Edgewater is a proper party to the suit and so the requirement of complete diversity cannot be met. Doc. 16.

## II.
### LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The

removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The burden of persuasion on a party asserting improper joinder is a "heavy one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). All factual allegations are evaluated in the light most favorable to the plaintiff, with the court resolving all contested issues of substantive fact in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here, as no fraud is alleged. Thus the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The movant is therefore required to put forth evidence defendant to "that would negate a possibility of liability on the part of [the nondiverse defendant]." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 767 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650) (alterations in original). The movant's burden is not insurmountable, however. As the Fifth Circuit notes, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n. 9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

As Morgan Plantation points out, termination of a corporation's charter does not extinguish claims against that corporation under Louisiana law. LA. REV. STAT. § 12:1-1443(C)(1). Moreover,

ExxonMobil does not show that Edgewater has undergone bankruptcy proceedings or been formally dissolved and that the peremptive period has passed, two factors which might prevent a plaintiff from obtaining a judgment.[2]

ExxonMobil relies instead on two recent decisions, one from this district and the other from the Middle District of Louisiana, which held that there was no reasonable basis to predict plaintiffs could recover against inactive corporations and that those corporations were therefore improperly joined. *Weinstein v. Conoco Phillips*, 2014 WL 868918, *2 (W.D. La. Mar. 5, 2014); *accord Ashley v. Devon Energy Corp.*, 2015 WL 803136, *4 (M.D. La. Feb. 25, 2015). Morgan Plantation argues that these cases are distinguishable. It first points out that, in *Ashley*, evidence was produced that the corporate defendant had been liquidated in bankruptcy. 2015 WL 803136 at *3–*4.

We note, however, that no evidence of bankruptcy or dissolution was presented in *Weinstein* yet improper joinder was nevertheless found based on the defendant's lack of corporate existence. As the court noted there (speaking of dissolution), "[t]he reality is that [the corporate defendant] is unlikely to ever be dissolved—that is, the formal paperwork filed—given that there is no one to dissolve it, according to the evidence presented, and nothing left to dissolve." 2014 WL 868918 at *2. The same applies here, and so the lack of formal dissolution or bankruptcy is not dispositive to the question of whether Morgan Plantation can obtain a judgment against Edgewater.

Morgan Plantation distinguishes *Weinstein* because the court did not specify whether the plaintiff there sought declaratory relief. It argues that the holding in *Weinstein* was premised more on the availability of the corporate defendant for monetary recovery. However, the type of relief sought there does not alter the crux of the holding: that any recovery against the defunct corporate

---

[2] LA. REV. STAT. § 12:1-1407; *see In re Egleston*, 448 F.3d 803, 813 (5th Cir. 2006) (claims based on relationships, contact, or privity arising before a bankruptcy petition are generally discharged in bankruptcy proceedings).

defendant could not rise above a merely theoretical level because the defendant "not only [had] no corporate existence, but [had] no existence of any kind." *Id.*

Morgan Plantation argues that Edgewater is solidarily liable with the other defendants under the terms of the lease. It points to mechanisms under state law for obtaining a judgment against Edgewater, in the almost certain event that Edgewater never makes an appearance or participates in the suit. However, in light of Edgewater's defunct status, these formalities appear useless.[3] Morgan does not show any real justification for joining Edgewater as a defendant outside of keeping the suit in state court.[4] Thus it presents only a theoretical possibility of recovery against Edgewater, through its claim for declaratory relief or otherwise. Edgewater is therefore improperly joined to this suit and its presence in the action cannot be used to defeat this court's diversity jurisdiction.

---

[3] Morgan Plantation argues that Edgewater is a required party under the Federal Rules of Civil Procedure by virtue of its assignee relationship under the lease. To this end Morgan Plantation cites an Eastern District of Louisiana case in which the court found that obligors under a participation agreement covering oil and gas leases were indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. *See Harris Trust and Savings Bank v. Energy Assets International Corp.*, 124 F.R.D. 115, 116–20 (1989). There, however, the indispensable parties appeared to be extant corporations. As the Fifth Circuit has emphasized, a finding that a party is indispensable under Rule 19 is based upon "pragmatic considerations." *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 88 S.Ct. 733, 736 (1968)).

Under Rule 19, which now speaks of "required" rather than "indispensable" parties, a party's presence in a suit is required if 1) in its absence, the court cannot accord complete relief among existing parties; or 2) it claims in interest relating to the subject of the action and is so situated that disposing of the action may impair or impede its ability to protect its interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. FED. R. CIV. P. 19(a). Where, as here, the party is an entity that no longer has any sort of corporate existence, neither factor appears relevant.

[4] Morgan Plantation points to *Bastian v. Wallace Colored School Club*, 99 So.3d 680 (La. Ct. App. 5th Cir. 2012), in an attempt to explain the utility of a declaratory judgment against Edgewater. Doc. 16, att. 1, pp. 15–16. There the plaintiff had obtained a declaratory judgment against a corporation whose articles had been revoked and the state court of appeal upheld the judgment when the defendant had its articles reinstated years later. 99 So.3d at 680–82. However, Morgan Plantation has put on nothing to counteract ExxonMobil's showing of Edgewater's long period of inactivity. It fails to show any likelihood that someone might attempt to revive Edgewater, and so *Bastian* does not alter our conclusions above.

## III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion to Remand [doc. 16] be **DENIED**. Because of our finding that Edgewater was improperly joined as a defendant, **IT IS FURTHER RECOMMENDED** that all claims against Edgewater be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of February, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE