# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MORGAN PLANTATION, INC.** | : | **DOCKET NO. 16-cv-1620** |
| **VERSUS** | : | **CHIEF JUDGE DRELL** |
| **TENNESSEE GAS PIPELINE CO., LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are a Motion to Dismiss [doc. 5] filed by defendant ExxonMobil Oil Corporation ("Exxon") and a Motion for a More Definite Statement and Motion to Dismiss [doc. 6] filed by defendant Tennessee Gas Pipeline Company, LLC ("Tennessee Gas"). Plaintiff Morgan Plantation, Inc. ("Morgan Plantation") opposes the motion. Doc. 48. Tennessee Gas and Exxon have also filed replies. Docs. 49, 50.

For the reasons stated below, **IT IS RECOMMENDED** that the Motions to Dismiss [docs. 5, 6] be **GRANTED IN PART** and **DENIED IN PART** as described below and that the Motion for a More Definite Statement [doc. 6] be **DENIED**.

## I.
### BACKGROUND

This action arises from a land contamination suit filed by Morgan Plantation in the 31st Judicial District, Jefferson Davis Parish, Louisiana, against Tennessee Gas, Exxon, and Edgewater Oil Co., Inc. ("Edgewater").[1] Doc. 1, att. 2, pp. 3–21. Morgan Plantation argues that the defendants are liable under various tort and breach of lease claims. *Id.*

---

[1] Edgewater was subsequently dismissed from the suit as improperly joined. Docs. 26, 32, 46.

According to the petition, Tennessee Gas assigned fifty percent of its interest in an oil and gas lease on Morgan Plantation's land to Edgewater in 1966.[2] *Id.* at 11. The subject property allegedly "saw numerous spills and deficient operating practices during operations by" Tennessee Gas, its predecessors in interest, and Edgewater. *Id.* at 12. Morgan Plantation seeks monetary relief, a prohibitory injunction, and a declaratory judgment against the defendants. *Id.* at 17–18.

Tennessee Gas and Exxon, the remaining defendants in this suit, now move to dismiss certain claims for failure to state a claim upon which relief may be granted. Docs. 5, 6. Tennessee Gas also moves for a more definite statement, requesting that Morgan Plantation plead its claims with more particularity and correct inconsistencies in the pleadings identified by Tennessee Gas. Doc. 6; doc. 6, att. 1, p. 9.

In particular, Exxon identifies the following claims as subject to dismissal:

1. Count 1 – Negligence under Article 2315 of the Louisiana Civil Code
2. Count 2 – Trespass under Article 2315 of the Louisiana Civil Code
3. Count 3 – Strict liability under Article 667 of the Louisiana Civil Code
4. Count 4 – Strict liability under Articles 2317 and 2320 of the Louisiana Civil Code
5. Count 5 – Punitive damages under Article 2315.3 of the Louisiana Civil Code
6. Count 9 – Correlative rights violation liability under Article 22 of the Louisiana Mineral Code
7. Count 10 – Unjust enrichment

Doc. 5, pp. 2–3. Tennessee Gas also contends that Counts 3, 4, 9, and 10 are subject to dismissal and incorporates the remainder of Exxon's arguments by reference insofar as the two defendants

---

[2] Exxon's predecessor in interest, Magnolia Petroleum Company, was assigned the original lease in its entirety in 1952 and assigned fifty percent of its interest in this lease to Tennessee Gas Pipeline Company's predecessor in interest, Tennessee Gas Transmission Company, in 1957. Doc. 1, att. 2, pp. 10–12. Tennessee Gas Transmission Company's successor in interest is Tenneco Oil Company, which also became a predecessor in interest to Tennessee Gas Pipeline Company. *Id.* at 11. In the complaint it appears that "Tennessee Gas" is used to refer to both Tennessee Gas Pipeline Company and its predecessor, Tennessee Gas Transmission Company.

are similarly situated. Doc. 6, att. 1, pp. 17–19, 22–27. Additionally, it asserts that the following claims are subject to dismissal:[3]

1. Continuing tort, continuing trespass, and/or continuing nuisance
2. Entitlement to civil fruits of trespass under Article 486 of the Louisiana Civil Code
3. Count 7 – Contract liability under Article 1994 of the Louisiana Civil Code for breach of the 1952 Oil & Gas Mineral Lease
4. Liability for breach of "other leases"
5. Allegation that claims are subject to provisions of the Groundwater Act, Louisiana Revised Statute § 30:2015.1.

*Id.* at 13–27.

Before filing its opposition [doc. 48] to the above motions, Morgan Plantation filed an amended complaint in this court. *See* doc. 13. However, it does not explain what corrections were made in the amended complaint and cites instead to the state court petition in the opposition. *See* doc. 48, pp. 1–2, notes 3–8.

## II.
## LAW & ANALYSIS

### A. *Motion for a More Definite Statement*

Under Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain, among other things, a short and plain statement of the claim showing that the pleader is entitled to relief. This statement must contain enough facts to "state a claim for relief that is plausible on its face," though it need not contain detailed factual allegations in order to survive a motion dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65, 1974 (2007).

---

[3] The first, second, and fourth claims arise from the factual allegations section and are not identified as "counts" within the petition. *See* doc. 1, att. 2, pp. 9–10, ¶¶ 23, 25, 28. The fifth claim arises from an allegation under the Remedies section that the claims raised in the petition are subject to the Groundwater Act, Louisiana Revised Statute § 30:2015.1. *Id.* at 19, ¶ 53.

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement on a pleading to which a response is allowed. FED. R. CIV. P. 12(e). As Morgan Plantation notes, such motions should not be used as a substitute for discovery and are generally disfavored due to the liberal pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Rather, Rule 12(e) allows defendants to request clarification when the pleadings do not specify the allegations in a manner that provides sufficient notice to the defense. *Swierkiewicz v. Sorema, N.A.*, 122 S.Ct. 992, 998 (2002). "Rule 12(e) motions, though disfavored, are necessary when the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, 2013 WL 4854372, *2 (E.D. La. Sep. 10, 2013) (citations omitted). The decision to grant a Rule 12(e) motion is within the discretion of the trial court, and such motions are "universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Newcourt Leasing Corp. v. Regional Bio-Clinical Laboratory, Inc.*, 2000 WL 134700, *1 (E.D. La. Feb. 1, 2000) (citation omitted).

Tennessee Gas alleges that the petition in this matter is deficient, and in need of a more definite statement under Rule 12(e), for two reasons: (1) it alleges that the defendants' oil and gas operations were conducted pursuant to various agreements but fails to identify these agreements, and (2) it fails to allege how Tennessee Gas or its predecessors breached any obligation established by these agreements.[4] Doc. 6, att. 1, p. 10. Specifically, it notes that Paragraph 28 of the petition alleges that "Defendants . . . were granted interests in other leases covering Plaintiffs' Property under which other wells, including the Morgan Plantation SWD #1 (#970439), were operated by

---

[4] Through this motion, Tennessee Gas also requests that Morgan Plantation be made to address two errors, relating to the parish in which the property is located and a reference to Paragraph 8 of the 1952 OGML. As Morgan Plantation notes, however, a Rule 12(e) motion should be denied "when the movant simply seeks particularization of facts already known to it." *Martin v. Tesoro Corp.*, 2012 WL 1866841, *3 (W.D. La. May 21, 2012) (citations omitted). In this matter the parties cannot claim to be under any confusion about the location of the property, and the content of the 1952 OGML must stand on its own.

Tenneco Oil Company." Doc. 1, att. 2, pp. 11–12; *see also* doc. 13, pp. 11–12 (identical allegations in amended petition). Tennessee Gas presumes that Morgan Plantation also intends to state a claim for breach of these leases, and argues that its ability to respond is prejudiced by the failure to identify them. Doc. 50, p. 2. We disagree. The complaint sets forth the parties to the suit, legal theories on which Morgan Plantation relies and mechanisms through which it alleges the defendants' activities injured the land, the relief sought, and the property at issue. Several courts in this circuit have found complaints providing analogous levels of detail to be sufficient under Rule 12(e). *See Alford v. Chevron U.S.A., Inc.*, 13 F.Supp.3d 581, 591–92 (E.D. La. Jun. 4, 2014) (collecting cases). Morgan Plantations' complaint is sufficiently detailed to allow the defendants to formulate a responsive pleading, and the identity of particular leases may be sought during discovery. The Motion for a More Definite Statement should therefore be denied.

### B. *Motion to Dismiss*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal of a plaintiff's claim for failure to state a claim for which relief may be granted. To survive such a motion, "the plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1974). In other words, the plaintiff must provide enough factual allegations which, taken as true, raise his right to relief "above the speculative level." *Twombly*, 127 S.Ct. at 1965. The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether it is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. Sep. 22, 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

If a plaintiff's claims are dismissed under Rule 12(b)(6), it is the policy of the federal courts to permit liberal amendment under Federal Rule of Civil Procedure 15 in order "to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).

### 1. *Exxon's Arguments as to Counts 1, 2, and 3*

Exxon argues that Count 1 (negligence), Count 2 (trespass), and Count 3 (strict liability for ultrahazardous activity under Article 667) must fail, as Morgan Plantation has not alleged that Exxon "conducted any operations or engaged in any other affirmative conduct on its property." Doc. 5, att. 1, pp. 3–5. To this end they rely on another land contamination suit, *Alford v. Anadarko E&P Onshore LLC*, 2014 WL 1612454 (E.D. La. Apr. 22, 2014). There defendants who were not alleged to have conducted operations on the plaintiff's land moved to dismiss the plaintiffs' claims against them. 2014 WL 1612454 at *1–*3, *5.

With respect to the negligence claim under Article 2315, the Eastern District agreed with the non-operator defendants that the plaintiffs' failure to allege any affirmative conduct on their part was fatal to these claims. *Id.* at *13. Here Morgan Plantation has asserted a general claim of negligence against Exxon under Article 2315 based on allegations that Exxon owed Morgan Plantation a duty under the 1952 Oil & Gas Mineral Lease ("OGML"), that it breached that duty through its knowledge and approval of other parties' use of an unlined disposal pit and failure to remediate damage caused by use of those pits. Doc. 48, p. 15; *see* doc. 1, att. 2, pp. 4–5, 7–12. However, like the plaintiff in *Alford*, it alleges no affirmative acts by Exxon on the property.[5] *Alford*, 2014 WL 1612454 at *13–*14. As the Eastern District noted:

---

[5] Morgan Plantation attempts to distinguish the negligence claims against the non-operator defendants in *Alford* by arguing that they were only alleged to be liable "under a failure to restore negligent breach of contract theory." Doc.

> Generally, where a person neglects to do what he is obligated under a contract, he has committed a passive breach of the contract. If he negligently performs a contractual obligation, he has committed active negligence and thus an active breach of the contract. A passive breach of contract warrants only an action for breach of contract.

*Id.* at *14 (quoting *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649, 655 (5th Cir. 1989)). Morgan Plantation's negligence allegations under Count 1 amount to a passive breach of contract. Accordingly, its negligence claims against Exxon should be dismissed without prejudice so that it might be reasserted if discovery yields any evidentiary support.

As for the trespass claim, Morgan Plantation argues that it has stated a valid cause of action based on its allegations that Exxon, as joint lessee, had custody and control over operations conducted by Tennessee Gas and Edgewater on behalf of the joint account and that these operations, in violation of implied duties under the lease, resulted in the property damage. Doc. 48, pp. 16–17. As the Eastern District recognized in *Alford*, a plausible allegation that the defendant operated outside the scope of the lease is sufficient to state a claim for trespass under Louisiana law. 2014 WL 1612454 at *17. However, that observation was made in the context of a defendant, Chevron, that had actually operated on the property through its predecessors. *See id.* at *1–*3, *17. The court dismissed trespass claims against non-operator defendants because the plaintiffs had not "plausibly alleged that those defendants operated on the property at all." *Id.* at *17. For the same reason, Morgan Plantation's trespass claim against Exxon must be dismissed without prejudice, so that it might be reasserted if discovery yields any evidentiary support.

Finally, Morgan Plantation argues that parties in contractual privity with each other or acting on behalf of another can be held liable for the other's work causing damage to property

---

48, pp. 15–16. This assertion does not serve to distinguish the claims under Article 2315 in *Alford* from those raised here, where the plaintiffs in both cases seek to hold non-operator defendants liable for failing to perform duties arising from the mineral lease.

under pre-1996 Article 667. *See Fontenot v. Magnolia Petrol. Co.*, 80 So.2d 845 (La. 1955) (finding both a mineral lessor and the entity performing geophysical operations on its behalf liable under Article 667); *Gotreaux v. Gary*, 94 So.2d 293 (La. 1957) (neighbor and the crop-dusting service he had hired were both liable under Article 667). Exxon maintains that these cases are not persuasive, as they do not address "whether a defendant, who held an interest in a mineral lease but did not operate on a plaintiff's property, can be held liable for damages under [Article] 667." Doc. 49, p. 4. It also points once again to *Alford*, where the Eastern District held that the plaintiff failed to state a claim against non-operator defendants under Article 667. 2014 WL 1612454 at *20. However, the court in *Alford* did not address the issue of privity under that claim.

In light of the authority cited by Morgan Plantation, Exxon has not met its burden of showing that no relief may be granted and so the Motion to Dismiss should be denied as to the claim against Exxon under Article 667, based on the argument raised above.

### 2. *Count 3 – Article 667 Strict Liability*

The current version of Article 667 of the Louisiana Civil Code imposes strict liability for damage caused by ultrahazardous activities, and limits those activities to pile driving or blasting with explosives. The defendants argue that Morgan Plantation's claim under Article 667 is subject to dismissal because Morgan Plantation has failed to identify any activities conducted by Tennessee Gas that would qualify as "ultrahazardous" under applicable law. Doc. 5, att. 1, p. 5; doc. 6, att. 1, p. 24. Morgan Plantation maintains that prior to 1996 there was no "ultrahazardous" requirement in order to impose strict liability under Article 667 and that such liability instead applied to **any** work by a proprietor on his own estate that caused damage to the estate of his neighbor.[6] Doc. 48, p. 12 (citing *Chaney v. Travelers Ins. Co.*, 249 So.2d 181, 186 (La. 1971)).

---

[6] The pre-1996 version of Article 667 provided:

As the United States Fifth Circuit Court of Appeals has noted, the origins of Louisiana's doctrine of ultrahazardous activity lie in Articles 667 through 669, which establish the scope and limitations on the rights of land ownership. *Perkins v. F.I.E. Corp.*, 762 F.2d 1250, 1254–57 (5th Cir. 1985); *see also Alford*, 2014 WL 1612454 at *19 (citing *Bartlett v. Browning-Ferris Indus., Chem. Svcs., Inc.*, 683 So.2d 1319, 1321 (La. Ct. App. 3d Cir. 1996)) ("Louisiana courts interpreted [pre-1996] article 667 to impose strict liability—that is, liability without fault—on defendants for damages caused by an activity deemed 'ultrahazardous.'") Thus we agree that finding an ultrahazardous activity is required to impose strict liability under pre-1996 Article 667.

In pre-1996 applications, Louisiana courts used a three-prong test in order to determine if an activity is ultrahazardous. *Bartlett*, 683 So.2d at 1321–22. Under this test, the activity (1) must relate to land or some other immovable; (2) must itself cause the injury, and the defendant must be engaged directly in the injury-producing activity; and (3) must not require substandard conduct to cause injury. *Id.* Tennessee Gas maintains that Morgan Plantation's allegations do not meet the third prong, in particular. To this end it cites the Eastern District of Louisiana's finding in *Pierce v. Exxon Mobil Oil Corp.*, 2013 WL 1856079, *7 (E.D. La. Apr. 30, 2013), that plaintiffs' allegations did not satisfy the third prong of the ultrahazardous test because the petition alleged that the damages were caused by the substandard care of the defendants, rather than that the activities did not require substandard care to cause injury. The same is true here. This claim should thus be dismissed without prejudice, though Morgan Plantation may amend if it has support for the notion that the activities involved here would qualify as ultrahazardous under the test cited above.

---

> Although a proprietor may do with his estate whatever he pleases, still he can not [*sic*] make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.

*Chaney*, 249 So.2d at 184.

### 3. *Count 4 – Strict Liability under Articles 2317 and 2320/2322*

Under Count 4, Morgan Plantation alleges that the defendants are strictly liable under Articles 2317 and 2320 of the Louisiana Civil Code because of their ownership and/or operations of "[t]he damaging wells, pits, tanks, pipelines, and other facilities, equipment, or works on Plaintiff's Property." Doc. 1, att. 2, p. 14. Articles 2317 imposes liability for things in an actor's custody, while Article 2320, which was apparently cited in error, deals with liability for acts of servants, students, or apprentices.[7] Morgan Plantation argues that this claim also arises under Article 2322, which deals with damage caused by the ruin of a building. Prior to 1996 revisions to the Civil Code, Articles 2317 and 2322 imposed strict liability based on status as owner/custodian, rather than personal fault.[8] *See Hebert v. Southwest La. Elec. Membership Corp.*, 667 So.2d 1148, 1157 (La. Ct. App. 3d Cir. 1995); *Celestine v. Union Oil Co.*, 652 So.2d 1299, 1303 (La. 1995). Accordingly, to state a claim under pre-1996 Article 2317, a plaintiff must plead three elements: "(1) the thing causing his damage was in the custody of the defendant; (2) the thing had a 'defect' or a condition creating an unreasonable risk of harm; and (3) the defective condition caused plaintiff's injuries." *Hebert*, 667 So.2d at 1157. Under pre-1996 Article 2322, a plaintiff was required to show that (1) the defendant owned the building; (2) the building posed an unreasonable risk of harm to others; and (3) the plaintiff was injured by virtue of that risk. *Celestine*, 652 So.2d at 1303.

Exxon argues that the complaint does not state a claim under Articles 2317 and 2322, because Morgan Plantation fails to allege (1) any defect or ruin in the facilities or equipment that

---

[7] Although Count 4 cites Article 2320 and makes no mention of Article 2322 [doc. 1, att. 2, p. 14], Morgan Plantation describes this claim as arising under Article 2317 and Article 2322 in its response memorandum. *See* doc. 48, pp. 10–12.

[8] The petition does not provide the exact date when defendants' activities on Morgan Plantation's property ceased, but the defendants do not dispute the application of the Louisiana Civil Code prior to the 1996 amendments.

posed an unreasonable risk of harm; or (2) how the damage allegedly suffered resulted from any purported defect or ruin. Doc. 5, att. 1, p. 7. Likewise, Tennessee Gas contends that the petition "contains no facts plausibly suggesting" the existence of a ruin or defect creating an unreasonable risk of harm in the defendants' equipment or facilities. Doc. 6, att. 1, p. 23.

Morgan Plantation contends that it has made such allegations, namely relating to the defendants' operation of "pits, tanks, and facilities that were known to leak and did leak." Doc. 48, p. 11; *see* doc. 1, att. 2, pp. 4–8. In particular, it points to the defendants' use of earthen pits for waste storage and disposal. Doc. 1, att. 2, pp. 5–6. It also alleges that problems have resulted from pollution on and adjacent to its property, "caused by leaks, spills, and other discharges of toxic and hazardous substances from Defendants' pipelines, wells, tank batteries, gas plants, gas separation facilities, gas meters, and other equipment, facilities, and operation." *Id.* at 7. These allegations meet the pleading standards outlined above. Therefore the motion to dismiss should be denied as to this claim.

### 4. *Count 5 – Punitive Damages*

Exxon argues that Morgan Plantation fails to state a claim for punitive damages. As it notes, Louisiana recognizes a general public policy against punitive damages and Louisiana courts only permit such an award when expressly authorized by statute. *See Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002). Article 2315.3 of the Louisiana Civil Code formerly authorized punitive damages in cases involving the reckless handling of ultrahazardous substances. *Anderson v. Avondale Indus., Inc.*, 798 So.2d 93, 96–101 (La. 2001). However, that article only applies to conduct during its effective dates (September 1984 through April 1996). *Id.* In response, Morgan Plantation states that it withdraws its claim for punitive damages against Exxon but requests that the claim only be dismissed without prejudice so that it might be reasserted if discovery yields any

evidentiary support. Doc. 48, p. 19. As Tennessee Gas has incorporated all of Exxon's arguments in these motions insofar as the two defendants are similarly situated, we grant the motion and dismiss this claim as to both defendants, without prejudice as requested by Morgan Plantation.

### 5. *Count 7 – Breach of lease*

Under Count 7, Morgan Plantation alleges that the parties have breached unspecified "express and implicit contractual obligations created by the mineral leases" by failing to repair damages and restore the property. Doc. 1, att. 2, pp. 15–16. Tennessee Gas contends that this claim is subject to dismissal because the complaint does not explain which express provision was breached. It also maintains that Morgan Plantation's assertion that under paragraph 8 of the OGML, Tennessee Gas is "responsible for all damages caused by Lessee's operations," is contrary to the plain language of the 1952 OGML. Doc. 6, att. 1, p. 19; *see* doc. 1, att. 2, p. 11. In response, Morgan Plantation states that it withdraw its claims for breach of an express contractual provision for restoration but requests that the claim only be dismissed without prejudice, so that it might be reasserted if discovery should yield any evidentiary support. Doc. 48, p. 19. Tennessee Gas argues that this claim should instead be dismissed with prejudice, as it relies on a misstatement of Paragraph 8 of the 1952 OGML.

In the amended complaint, however, Morgan Plantation states, "Defendants have a duty arising from the express and implicit contractual obligations created by the mineral **leases** executed by Plaintiff or Plaintiff's predecessors-in-title to repair any damage caused by their conduct . . . ." Doc. 13, p. 15–16. Morgan Plantation's breach of restoration provision claim is not limited to the 1952 OGML and discovery may indeed yield support in another agreement, and so the claim should be dismissed without prejudice as it requests.

### 6. *Count 9 – Mineral Code Article 22 violation*

Under Count 9, Morgan Plantation alleges that the defendants are liable because Article 22 of the Louisiana Mineral Code obligates them "to restore the surface to its original condition at the earliest possible time." Doc. 1, att. 2, p. 16. The defendants contend that this article applies only to mineral servitudes, rather than between landowners and lessees, that the claim fails due to Morgan Plantation's failure to identify a mineral servitude at issue. In response Morgan Plantation states that it withdraws its cause of action under Article 22 of the Mineral Code, but asks that it be dismissed without prejudice so that it might reassert the claim if evidentiary support is found after discovery begins. Doc. 48, p. 19. Tennessee Gas maintains that this claim must be dismissed with prejudice. Doc. 50, p. 4. We disagree, on the possibility that discovery may indeed uncover the existence of a mineral servitude. Accordingly, the Motion to Dismiss should be granted as to this claim, but without prejudice as Morgan Plantation requests.

### 7. *Count 10 – Unjust enrichment*

The defendants note that, under Article 2298 of the Louisiana Civil Code, unjust enrichment is only available where the law provides no other remedy. In response, Morgan Plantation concedes that the remedy is not currently warranted, but asks that this claim be dismissed without prejudice. Doc. 48, p. 19. Accordingly, the Motion to Dismiss should be granted as to this claim but it should be dismissed without prejudice to Morgan Plantation reasserting it if it becomes viable later in this proceeding.

### 8. *Continuing violation*

Tennessee Gas maintains that Morgan Plantation fails to state a claim of continuing tort, continuing trespass, and/or continuing nuisance. In response, Morgan Plantation maintains that it does not assert claims based on any of these theories. Doc. 48, p. 17. As Morgan Plantation notes,

in the cases relied upon by Tennessee Gas, the continuing tort doctrine was raised to defeat prescription. *See Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 518–19 (5th Cir. 2009); *Marin v. Exxon Mobil Corp.*, 48 So.3d 234, 253–55 (La. 2010); *Hogg v. Chevron USA, Inc.*, 45 So.3d 991, 1006 (La. 2010); *Crump v. Sabine River Authority*, 737 So.2d 720, 726–31 (La. 1999). Neither defendant in this matter argues that Morgan Plantation's claims have prescribed, however.[9] After a review of the pleadings, we agree. Even though the petition does allege that certain torts are ongoing, there is no need to dismiss the continuing tort doctrine if Morgan Plantation maintains that it was not attempting to invoke it. Accordingly, the Motion to Dismiss is without merit with respect to this claim and should be denied.

### 9. *Entitlement to civil fruits*

Morgan Plantation alleges that it is entitled to civil fruits of the defendants' alleged trespass under Article 486 of the Louisiana Civil Code. Doc. 1, att. 2, p. 10. That provision states, in relevant part, that "a possessor in bad faith is bound to restore to the owner the fruits he has gathered, or their value, subject to his claim for reimbursement of expenses." LA. CIV. CODE art. 486. Tennessee Gas maintains that this claim fails for multiple reasons, first and foremost because lessees do not qualify as possessors under the accession articles of the Civil Code. Doc. 6, att. 1, pp. 15–16; *see V&S Planting Co. v. Red River Waterway Commission*, 472 So.2d 331, 336 (La. Ct. App. 3d Cir. 1985). In response, Morgan Plantation states that it will withdraw this claim but asks that it be dismissed without prejudice, so that it might be reasserted if evidentiary support is found in the course of discovery. Doc. 48, p. 19. Tennessee Gas insists that this dismissal must be with prejudice, as the claim is without merit. However, there is a remote possibility that discovery

---

[9] Morgan Plantation maintains that its tort claims fall under Article 3493 of the Louisiana Civil Code, which states that for claims involving damage to immovable property, "the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."

could yield information changing the presumed ownership status of the defendants with respect to the property and supplying merit to this claim. Accordingly, the Motion to Dismiss should be granted as to this claim and it should be dismissed without prejudice.

### *10. Liability for breach of other leases*

Morgan Plantation asserts that Tennessee Gas and Exxon were granted interests in "other leases" covering its property. Doc. 1, att. 2, p. 11. Tennessee Gas maintains that these leases are not identifiable through Morgan Plantation's allegations or exhibits, and that any claims relating to these leases should therefore be dismissed. Doc. 6, att. 1, p. 21. This concern does not relate to an individual claim, and is instead more aptly considered under the Motion for a More Definite Statement above, where we have already determined that the information may instead be sought through discovery. Accordingly, the Motion to Dismiss should be denied on this basis.

### *11. Groundwater Act*

Finally, Tennessee Gas disputes Morgan Plantation's allegation that claims in its petition are subject to the Groundwater Act, Louisiana Revised Statute § 30:2015.1. *See* doc. 1, att. 2, p. 19. Morgan Plantation notes that this allegation is not a separate cause of action but instead a notification that certain regulatory provisions might apply. Accordingly, it argues, there is no claim subject to dismissal for this contested allegation. Doc. 48, p. 18. We agree. Tennessee Gas may seek removal of that statement through a motion to strike, but there is no basis for dismissing any claim based on this allegation.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for a More Definite Statement [doc. 6] be **DENIED** and that the Motions to Dismiss [docs. 5, 6] be **GRANTED** in the following respects:

1. Counts 1 and 2 should be dismissed without prejudice as to Exxon.

2. Count 3 should be dismissed without prejudice as to both defendants.

3. Count 5 should be dismissed without prejudice as to both defendants.

4. The portion of Count 7 alleging breach of an express lease provision should be dismissed without prejudice as to both defendants.

5. Count 9 should be dismissed without prejudice as to both defendants.

6. Count 10 should be dismissed without prejudice as to both defendants.

7. The claim to entitlement of civil fruits should be dismissed without prejudice as to both defendants.

In all other respects, the Motions to Dismiss should be **DENIED**. It is also **RECOMMENDED** that Morgan Plantation be given leave to amend in the event that discovery shows that it might have a right to relief under any of the above claims recommended for dismissal.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of September, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE